F. E. Malm, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

P. L. Burke, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket Nos. 8026, 8208.  Promulgated April 27, 1928.

*Thomas H. Evans, C. P. A.*, for the petitioners.
*Philip M. Clark, Esq.*, for the respondent.

OPINION.

Lansdon: The only controversy here relates to the proper method of reporting individual income resulting from the receipt by partners

of the distributive net earnings of the partnership. The controlling statutory provision, section 218(a) of the Revenue Acts of 1918 and 1921, is as follows:

That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

Each of the petitioners made his return of income on a calendar year basis, and ignoring the provision of law above cited, undertook to include therein his share of the net distributive earnings of the partnership for the calendar year which was the basis of his own report. This method obviously is contrary to the provision of the statute. *J. H. Goadby Mills*, 3 B. T. A. 1245.

The Board has no jurisdiction over the year 1922 as to either petitioner since only an overassessment in each case is determined for that year. *Cornelius Cotton Mills*, 4 B. T. A. 255.

The determination of the respondent is approved as to the deficiencies.

*Judgment will be entered for the respondent.*